UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ACTION NO: 12-CR-00057-JBC                                   ELECTRONICALLY FILED

UNITED STATES                                                                 PLAINTIFF

VS.

CHARLES A. KINISON, JR.                                                       DEFENDANT

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SUPPRESS EVIDENCE**

**\*\*\*\*\*\*\*\*\*\***

Comes now Defendant, by and through counsel, and hereby submits his Memorandum of Law in Support of his Motion to Suppress Evidence.

**I.  FACTS**

In this case, on or about, September 1, 2011, law enforcement executed a warrant on the home, person and vehicle of Charles Kinison, Jr.  The case contained in the above styled action is a result of that search and seizure.

However, said search and seizure was illegal and violated the rights of the Defendant under the *Fourth Amendment* to the *U.S. Constitution* as the affidavit for the warrant was not sufficient to establish probable cause as to the alleged criminal act, identity of alleged perpetrator, the location of alleged perpetrator and/or the alleged evidence to be seized.

In this case the affidavit for the search warrant contained the following information:

a. Alleged texts between Lauren Omstott and allegedly the Defendant; Said texts contained

sexually explicit information.

  b. A statement by Lauren Omstott that the number from which she was allegedly receiving texts belonged to the Defendant;

  c. A statement by Lauren Omstott that the Defendant viewed the alleged child pornography referenced in a particular text from his home computer;

  d. A records check showing when the Defendant's driver's license was issued;

  e. A pva showing the address of the Defendant;

  f. A statement by Lauren Omstott that a picture shown to her was the Defendant.

  Based upon this information, law enforcement sought and received warrants to search the person of the Defendant, his home and his vehicle. However, this information was insufficient to establish probable cause, and thus, the warrant was invalid, and the resulting search and seizure was illegal. As such, all evidence and the fruits thereof must be suppresssed.

## II. ARGUMENT

  As the Court knows in order to obtain a warrant, law enforcement must allege sufficient probable cause for an issuing Judge to believe that there is a "fair probability, given the totality of the circumstances that contraband or evidence of a crime will be found in a particular place." *U.S. v. Davidson*, 936 F.2d 856,859 (6th Cir. 1991). Additionally, when an affidavit is the basis for the issuance of a search warrant the affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983).

  However, other than the information above set forth, the affidavit did not allege sufficient facts such that it could be determined that probable caused existed such as to justify the issuance of

and the execution of the warrant for the following reason:

    a. Nothing in the affidavit indicates that any investigation was done by law enforcement to verify **any** of the information provided to them by Lauren Omstott;

    b. Nothing in the affidavit indicates that any investigation was done by law enforcement to verify whether or not the telephone number that Lauren Omstott alleged belonged to the Defendant was actually registered to him or even someone in his family. Law enforcement only had her word that the number belonged to the Defendant;

    c. No credible information was contained in the affidavit whatsoever that Defendant viewed child pornography in his home. The only information that law enforcement had regarding this extremely important issue is a statement made by Lauren Omstott, **who allegedly was texting the Defendant at the time**. In the affidavit it states that she said he looked at that child pornography that was the subject of their alleged texts in his home. Nothing in the affidavit indicates any particular reason to rely on her statement. In fact, the affiant does not even swear to Lauren's reliability.

    Also, nothing in the affidavit sets forth that she had even seen the Defendant in his home looking at child pornography. In fact, she was supposedly texting the Defendant when he allegedly looked at a site mentioned in the text. Presumably, it can be inferred that she WAS not with him during this texting incident. However, nowhere in the affidavit does it say she was with him or was in his home when this alleged texting conversation occurred, nor is there anything in the affidavit that she personally saw the Defendant looking at child pornography in his home.

    d. No information is contained in the affidavit regarding the veracity or reliability of Lauren Omstott;

    e. No information was contained in the affidavit that Lauren Omstott had at any time

3

provided reliable information in the past. Also, nothing is in the affidavit that sets forth that Lauren Omstott personally observed the Defendant doing anything illegal. It is not even alleged that she saw him using phone from which it is alleged that the text came from.

    f. No information is provided that the Defendant was the one texting which is even more important in light of the fact that the affidavit contains no information that the phone number from whence the alleged texts came belonged to the Defendant other than Lauren's say so;

    g. Nothing in the affidavit contains any information regarding any actions taken by law enforcement to in any manner corroborate or to try to corroborate the information they received from Lauren Omstott;

    h. Significant questions exist regarding Lauren Omstott since she admits she was the one sending texts that were sexually explicit. She is the only one law enforcement apparently knew was engaging in this texting due to her admission to them;

    i. No information was contained in the affidavit other than approximately three (3) non-certified texts from an unverified phone number that indicates in any way that anyone was actually viewing child pornography;

    j. Additionally, nothing in the affidavit alleges any facts that may have existed based upon the training and experience of the affiant that such texts are indicative of a person having evidence of child pornography in his/her home;

    Concisely stated, probable caused did not exist. While a suspicion may have existed, as this Court knows, "mere suspicion" is not a sufficient basis for the issuance of a warrant. *U.S. v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Mere suspicion is the only thing that existed in this case at the time that the warrant was issued.

Additionally, when the affidavit leaves the "nature of the informant's performance past undisclosed,... the judicial officer making the probable cause determination has no basis for judging whether the [affiant's] characterization of the [informant's past] performance is justified." *U.S. v. Foree,* 43 F.3d 1572, 1576 (11th Cir. 1995).

In this case, there is not even any mention of the reliability and/or credibility of the alleged informant. Law enforcement did not even allege that its' informant was reliable. In *Gates*, it was held that a conclusory statement regarding an informant's reliability is insufficient to establish probable cause. *Gates*, 462 U.S. 213 at 239. In this case, there does not even exist a conclusory statement. The affidavit is devoid of any information giving any type of credibility to the informant's alleged statements.

Finally, the good faith exception set forth in *U.S. v. Leon*, 468 U.S. 897 (1984) is inapplicable to this situation. Law enforcement's reliance on the warrant in this case is wholly unwarranted. As the Court knows, the inquiry for the good faith exception is whether a "reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization" *Id*. at 922.

In this case, considering the complete lack of corroboration, the lack of identification for the phone number, the lack of any type of reliability assertion for the informant, the lack of personal observation as well as the lack of the other information as set forth above, a reasonably well trained officer should have known that the affidavit was insufficient and lacking in probable cause and thus, the warrant was not valid/illegal, and the search was illegal. *Id.* at 923.

As such, insufficient information was alleged in the affidavits such that no probable cause existed to justify the issuance of the search warrants in this case. Therefore, the search of the

Defendant, his home, and his vehicle and the seizure of all items therein and/or thereon is illegal, and all items seized and the fruits thereof must be suppressed.  <u>Wong Sun v. U.S.</u>, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); <u>U.S. v. Leake</u>, 95 F.3d 409, 411 (6th Cir. 1996).

**WHEREFORE**, the Defendant respectfully requests that this Court suppress the evidence seized as well as the fruits thereof.

Respectfully Submitted,

**ANGGELIS & GORDON, PLLC**
231 Lexington Avenue
Lexington, KY 40508
(859) 255-7761


BY: /s/ Rachel D. Yavelak


## CERTIFICATE

I do hereby certify that I filed the with the Clerk of Court on the 28th day of June 2012 using the CM/ECF system which will send electronic notice of same to the Hon. Jason Denney and Hon. Adam Bleile.

/s/ Rachel D. Yavelak