UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

CENTRAL DIVISION

AT LEXINGTON

ACTION NO: 12-CR-00057-JBC

UNITED STATES                                                                                       PLAINTIFF

VS.

CHARLES A. KINISON, JR.                                                                 DEFENDANT

SECOND SUPPLEMENTAL MEMORANDUM

*************

In this case, the Affidavits contained no personal observations of either the affiant or Ms. Omstott.  They had no averments that Ms. Omstott had been in the Defendant's home, and in fact, the statement in the affidavit that Ms. Omstott said that the Defendant was looking at the child pornography that she was texting someone about in his home not only is conclusory, but it essentially establishes that she was not in his home, and thus, she had no firsthand knowledge and/or observations about the identity and/or location and/or actions of the person she allegedly was texting.  Also, no connection exists in the affidavit connecting the Defendant either with the texts or the texting itself.

In this case, the affidavit fails to make a connection between the alleged criminal activity of the Defendant and his residence.  The affidavit also fails to make a connection between the Defendant and any criminal activity.  Additionally, the affidavit fails to make a connection that the sending and/or receiving of  disgusting texts  makes it likely that someone who is sending and/or receiving such texts is engaged in the possession of child pornography.  For a finding of probable cause, more than mere supposition and /or beliefs must exist and more than merely

conclusory statements without any type of underlying factual basis and innocent facts must be provided for the finding of probable cause. *See U.S. v. Laughton*, 409 F.3d 744 (6th Cir. 2006). As no probable cause existed, the warrants are invalid, and the evidence seized pursuant to the two warrants and obtained during the illegal searches, and the fruits thereof must be suppressed.

While the Government argues that this Court should not suppress the evidence because of good faith reliance, good faith reliance is not and/or should not be available to justify the conduct in this case. The exclusionary rules exists to remedy and to deter violations of the *Fourth Amendment* to the *U.S. Constitution*. In *Leon*, it was set forth that the exclusionary rule should not bar the introduction of evidence obtained by "police officers acting in objectively reasonable reliance on a search warrant that is subsequently invalidated" as the "the deterrence rationale loses much of its force" in that type of situation. *U.S. v. Leon*, 468 U.S. 897, 928-921 (1984). However, *Leon* also sets forth four exceptions where good faith reliance cannot be utilized to excuse the *Fourth Amendment* violations. Id. at 914-923. The situation in this case exemplifies one if not two of those exceptions.

In addition, it is also interesting to note at this point that in the affidavit, the Affiant seems to set forth as true that the Defendant was "relaying information from the family in Savannah to Lauren via text messages". Not only did the Affiant not reveal to the issuing Judge that the Affiant had no proof that the number Ms. Omstott was texting belonged to the Defendant, the Affiant makes an assertion regarding the Defendant relaying information **without** informing the issuing Judge that this supposed situation is once again based on nothing but Ms. Omstott. The omission in the affidavit that none of the supposed information regarding families in Savannah was in any manner even remotely corroborated by law enforcement comes dangerously close to recklessly providing misleading information to the issuing Judge.

In this case, these affidavits at best contain only "suspicions, beliefs or conclusions, without providing some underlying factual circumstances regarding veracity, reliability and basis of knowledge…" *See U.S. v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996). The Court in *Weaver* also stated that "the magistrate must be presented with an affidavit containing adequate supporting facts about the underlying circumstances, either from direct knowledge and observations of the affiant or from reliable hearsay information; bare conclusions are not enough." *Id*. at 1377. No supporting facts exist in this affidavit.

Also, in this case, as in *Laughton* where good faith was held not to apply, few details are set forth in the affidavit. Also, similarly, no indication is made of where Ms. Omstott was when she was texting, no indication exists for the basis of her statement that the Defendant looked at the child pornography referenced in the texts in his home, there is no indication of where she was during these texts, and it does not even state that she made any observations herself. *See Laughton,* 409 F.3d at 750-751.

Additionally, as in *Hodson*, the affiant was the officer executing the warrant. U.*S. v. Hodson*, 543 F.3d 286, 293-294 (6th Cir. 2008); *see also Leon,* 468 U.S. at 923 n.24. While Hodson discussed the subjective knowledge of the executing officer in the Hodson case, not only is the subjective knowledge not relevant to the inquiry of whether good faith excuses the deficiency, the Court also set forth the U.S. Supreme Court's holding in *Groh v. Ramirez*, 540 U.S. 551, 564 (2004) that stated "[M]oreover because Petitioner himself prepared the invalid warrant, he may not argue that he reasonably relied on the Magistrate's assurance that the warrant contained an adequate description of the things to be seized and was therefore valid." *Id*. In *Weaver* (which had an informant who previously provided reliable information) as in this case, the Affiant had no prior knowledge of any alleged wrong doing by the Defendant, had no

3

present personal knowledge of any connection between texting and possession of pornography; had personally observed nothing except for texts with an unknown person; and had only third party information. Id. at 1380. As the *Weaver* Court said, law enforcement should have realized he needed to do more independent investigative work. *Weaver,* 99 F.3d at 1380-1381. Furthermore, this is not a case where the affidavit actually contained some information of some type of evidence of illegal activity actually seen in the Defendant's residence.

In addition, multiple cases have held that the good faith exception does not apply when there is not a sufficient nexus between the illegal activity and the place to be searched. *See U.S. v. Helton*, 314 F.3d 812, 821-823 (6th Cir. 2003)(holding that outgoing calls from a known drug dealer did not create a substantial basis to believe evidence could be found in house); *U.S. v. Laughton,* 409 F.3d 744, 751 (6th Cir. 2005); *U.S. v. Hython*, 443 F.3d 480 (6th Cir. 2006).

Finally, in this case, the exclusionary rule most definitely is applicable. While obviously, this type of case is offensive, the actions that were taken by law enforcement to invade the sanctity of a private citizen's home in this case fall well below the bar. The affidavit does not establish probable cause, and good faith reliance should not be available to excuse this type of action. Not only was the detective the affiant, he was also the executing officer and thus, he should not be permitted to cry good faith at this point. Also, no reasonably well trained officer would have relied on these affidavits/warrants. In fact, it is objectively unreasonable to have done so. While cognizant of the effect that exclusion has and/or can have on a case, the protection of the rights of all citizens not just those ones charged with a crime is paramount. The situation set forth in this case and on these facts exemplifies why suppression of all evidence in this case is appropriate. The conduct in this case is more than sufficiently deliberate that exclusion of the evidence in this case can deter this type of conduct in the future. The affiant's

4

conduct was more than sufficiently wrongful that the price should be paid in this case. These affidavits were not the result of mere negligence, mere negligence would imply that maybe the affiant just left out a sentence or a phrase.

However, in this case, the affiant left out the probable cause, left out the nexus, guessed at identity and location and even occurrence, did no investigation, did not attempt any corroboration, and presumed disgusting texts equated with possession of child pornography. Our Constitution requires more. Much more. Exclusion due to the type of behavior exhibited in this case, and the glaring omissions that exist, and the baseless conclusions made by law enforcement is most definitely warranted, and even more importantly serves as an excellent deterrent.

**WHEREFORE**, Defendant requests that this Court grant his Motion to Suppress all evidence seized pursuant to the warrants, obtained during the search by other means, and all the fruits there of.

> Respectfully Submitted,
> ANGGELIS & GORDON, PLLC
> 231 Lexington Avenue
> Lexington, KY  40508
> (859) 255-7761
>
> BY: /S/ RACHEL D. YAVELAK

**CERTIFICATE**

I do hereby certify that I filed the foregong with the Clerk of Court on this the 29th day of July 2012 using the CM/ECF system which will send electronic notice of same to Hon. Jason Denney.

/s/ Rachel D. Yavelak

5