UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5: 12-57-JBC   *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.        **RESPONSE OF UNITED STATES TO
           DEFENDANT'S POST-HEARING MEMORANDUM**

CHARLES ARTHUR KINISON, JR.                                                 DEFENDANT

\* \* \* \* \*

Comes the United States of America, by counsel, to respond to the Defendant's post-hearing memorandum [R. 32]. For the reasons set forth below, the Defendant's Motion [R. 20] should be denied.

The Defendant's conclusory allegations are contradicted by the affidavit itself. While it would have been wise to include some additional information, this is not a case where the warrant "failed to make *any* connection between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit." *United States v. Laughton*, 405 F.3d 744, 748 (6th Cir. 2005) (emphasis supplied). The police did not simply take an unknown informant's word for it, or act on an anonymous tip, or make unsupported leaps in the affidavit.

Instead, the affidavit set forth the affiant's qualifications, the interviews jointly conducted with the FBI, the forensic examination of the witness's cellphone, and

verbatim transcripts of text messages. The affidavit fully identified the source of information by name and by relationship to the Defendant as his girlfriend, and detailed her statements from multiple interviews. Those statements included confirmation that she was communicating with the Defendant, and that the Defendant was referring to his home as the place he had been "surfing" for child pornography. This provided the issuing magistrate a substantial basis to find probable cause, a flexible standard requiring only a fair probability. *See United States v. Frechette*, 583 F.3d 374, 379 (6th Cir. 2008) ("the reviewing court may reverse the magistrate judge's probable cause determination only if it concluded that the affidavit did not set forth a substantial basis for finding probable cause.")

In reviewing that decision, this court may use common sense and consider the totality of the circumstances: "we consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). *See also United States v. Terry*, 522 F.3d 645, 648-649 (6th Cir. 2008) ("It requires no great leap of logic to conclude that the computer in Terry's home was probably used to send the intercepted messages. Given that the probable cause standard deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act,' the district court did not err in concluding that 'as a matter of plain common sense, if ... a pornographic image has originated or emanated from a particular individual's email account, it logically follows that the image is likely to be found on that

individual's computer ….There are other possibilities, of course—a hacker illicitly using Terry's e-mail account, for example —but probable cause does not require 'near certainty,' only a 'fair probability.'") (internal citations omitted).

Further, the character of the crime can be considered, not for what the defendant deems "shock value," but as part of the totality of the circumstances analysis. "[T]he criminal activity (viewing child pornography) is much more tied to a place of privacy, seclusion, and high-speed Internet connectivity (e.g., a home or office) than the storing of drugs (which can take place in a car, a ditch, a hole in the ground, etc.)." *United States v. Wagers*, 452 F.3d 534, 540 (6th Cir. 2006). See also *United States v. Paull*, 551 F.3d 516, 522 (6th Cir. 2009) ("We have reasoned that because the crime is generally carried out in the secrecy of the home and over a long period, the same time limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography.")  All of these factors compel the conclusion that the issuing magistrate had a substantial basis to determine probable cause.

In the alternative, if this Court now determines that the issuing judge did not have a substantial basis, suppression of the evidence is inappropriate because agents relied on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897, 922 (1984).  In this case there is no police misconduct to deter by suppression.  The police conducted an investigation, set forth substantial information in an affidavit, and presented it to a neutral and detached magistrate, who granted the warrant.  Nothing in that chain of events was improper, much less to the gross degree required to employ the extraordinary remedy of

suppression. This is not a case like *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008), where the affidavit established probable cause for one crime but searched for another, or *United States v. Laughton*, 409 F.3d 744 (6th Cir. 2005), where the affidavit made *no connection whatsoever* from the crime to the place to be searched. In those cases, no reasonable officer – an objective standard – could have reasonably relied on their resulting warrants.

Here, there are no mistakes of that degree. In making that determination, this Court is again confined to the four corners of the affidavit. "[A] determination of good-faith reliance, like a determination of probable cause, must be bound by the four corners of the affidavit. Whether an objectively reasonable officer would have recognized that an affidavit was so lacking in indicia of probable cause as to preclude good faith reliance on the warrant's issuance can be measured only by what is in that affidavit." *Laughton*, 409 F.3d at 751-752. Further, "The showing required to establish that reliance was 'objectively reasonable' is less than the 'substantial basis' showing required to establish probable cause .... It is entirely possible that an affidavit could be insufficient for probable cause but sufficient for good-faith reliance." *United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006) (quoting *United States v. Washington*, 380 F.3d 236, 241 (6th Cir. 2004). This objective test is simply whether executing officers "reasonably believed that the warrant was properly issued, not whether probable cause existed in fact." *United States v. Laughton*, 409 F.3d 744, 752 (6th Cir. 2005). Based on the four corners of the

affidavit and warrant, the police would have no basis whatsoever to question whether it was properly issued.

Suppression of the resulting evidence would not further the exclusionary rule's purpose of deterring police misconduct. If the issuing magistrate needed additional details about phone number ownership, observations of the witness, or any other supporting fact, he could have required the affiant to provide it. With the benefit of hindsight, all would likely advise him to require that additional information. But "the error in such a case rests with the issuing magistrate, not the police officer, and punishing the errors of judges is not the office of the exclusionary rule." *Davis v. United States*, 131 S.Ct. 2419, 2428 (2011) (internal quotations omitted).

WHEREFORE, the United States respectfully request this Court enter an Order DENYING the Defendant's Motion to Suppress [R. 20].

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

By:    s/ Jason Allen Denney
    Assistant United States Attorney
    207 Grandview Drive, Suite 400
    Fort Mitchell, Kentucky 41017
    (859) 652-7034
    jason.denney@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of August, 2012, I filed the foregoing through the CM/ECF system, which will send notice of the filing to the following counsel of record:

**Rachel Yavelak, Esq.**

<u>s/ Jason Allen Denney</u>